UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH D. CARVER,<br><br>                    Plaintiff,<br><br>  v.<br><br>KELLY CUNNINGHAM, *et al.*,<br><br>                    Defendants. | No. C09-5648 FDB/KLS<br><br>ORDER DENYING REQUEST FOR DISCLOSURE OF SERVICE ADDRESS |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C.§636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Dkt. 4. By Order dated April 2, 2010, Plaintiff was advised that efforts by the U.S. Marshal to serve Defendant Abigail Crabtree were unsuccessful and Plaintiff was directed to provide a current address for Defendant Crabtree. Dkt. 26. In response, Plaintiff states that he does not have her address, but the Defendants do, and he asks that the court order the Defendants to produce the address. Dkt. 29. Plaintiff did not serve his request for disclosure on counsel for the remaining Defendants.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the

ORDER TO AMEND OR SHOW CAUSE- 1

action without prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). A pro se plaintiff is entitled to rely on the U.S. Marshal for service of the summons and complaint and will not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Despite Plaintiff's *in forma pauperis* status, he must supply the information necessary to identify the defendants to be served. See *Walker v. Sumner*, 14 F.3d at 1415. However, if Plaintiff requires additional time to research and effect service, the Court will consider a motion for a good cause extension of time for an appropriate period pursuant to Fed.R.Civ.P. 4(m).

In his response, Plaintiff states merely that he does not have an address for Defendant Crabtree but does not state what efforts, if any, he has undertaken to obtain the address. Plaintiff should direct his request for assistance to counsel for the served Defendants. Plaintiff is advised that his motion should be properly filed, served upon those parties or counsel who have entered appearances and the Court, and noted on the Court's calendar.

Accordingly, it is **ORDERED**:

(1)   Plaintiff's ex parte motion for an order directing Defendants to provide service address (Dkt. 29) is **DENIED as premature without prejudice** at this time;

ORDER TO AMEND OR SHOW CAUSE- 2

(2)     The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 4th day of May, 2010.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 3