1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH D. CARVER,

                              Plaintiff,

            v.

KELLY CUNNINGHAM, CAREY
STURGEON, ED FISCHER, JOSE D.
GARCIA, ANGELA CAMACHO,
ABIGAIL CRABTREE, DON
GAUNTY, and CATHY HARRIS,

                              Defendants.

No. C09-5648 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  September 10, 2010**

        This civil rights action has been referred to the Honorable Karen L. Strombom pursuant

to 28 U.S.C. § 636 (b) and Local Rules MJR 3 and 4.  Plaintiff Joseph D. Carver brings this

action pursuant to 42 U.S.C. § 1983.  Before the court is a Motion for Judgment on the Pleadings

pursuant to Federal Rule of Civil Procedure 12(c) of Defendants Angela Camacho, Kelly

Cunningham, Ed Fischer, Jose D. Garcia, Al Nerio, and Carey Sturgeon.  Dkt. 37.[1]  Defendants

claim that Mr. Carver's Amended Complaint (Dkt. 35) should be dismissed with prejudice

because he has failed to state a claim and Defendants are entitled to qualified immunity.  Mr.

Carver has not filed a response.  His failure to do so may be deemed as an admission that

Defendants' motion has merit.  CR 7(b)(2).  Having carefully reviewed the motion and balance

of the record, the undersigned recommends that Defendants' motion should be granted because

Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

------

[1] Mr. Carver has not served defendants Abigail Crabtree, Cathy Harris, or Don Gauntz.  Plaintiff submitted service
copies and marshal forms for the newly named defendants but the court service has not been directed as the court is
recommending that the complaint be dismissed.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Mr. Carver is civilly committed pursuant to Washington Revised Code 71.09, to the custody of the Department of Social and Health Services at the Special Commitment Center (SCC) for Sexually Violent Predators.  Mr. Carver filed his complaint on November 23, 2009.  Dkt. 5.  Defendants answered and moved for judgment on the pleadings.  Dkts. 17 and 19.  Mr. Carver did not file a response to Defendants' motion.  This court denied Defendants' motion, finding that although it was inclined to recommend dismissal, Mr. Carver should be given an opportunity to amend his complaint.  Mr. Carver was ordered to amend his complaint to allege facts specific to each defendant.  Dkt. 27.  In response, Mr. Carver filed his "Response to Defendants' Assertion That Plaintiff Has Failed to State a Cognizable Claim Along With His Amended Complaint" and "Part 2 of Plaintiff's Amended Complaint."  Dkt.  28.  The court advised Mr. Carver that his amended complaint operates as a complete substitute for the present complaint and again ordered Mr. Carver to file an amended complaint that included all of his factual allegations, legal claims and requests for relief.  Dkt. 32.[2]  Mr. Carver filed his second amended complaint on June 1, 2010.  Dkt. 35.

In his Amended Complaint, Mr. Carver alleges that he has a right to individualized treatment while housed at the SCC; treatment that is directed to his educational, psychological, physical and related needs.  Dkt. 35, p. 3.  He alleges that all the Defendants have violated his rights and failed to "protect plaintiff and the class plaintiff represents from mental and physical deterioration which plaintiff claims he suffers while incarcerated at Special Commitment Center, SCC, which is under defendants' supervision."  *Id.*  In his prayer for relief, Mr. Carver also states

---

[2] Defendants' interim motion for a more definite statement (Dkt. 31) was denied as moot because Mr. Carver had already been ordered to amend his complaint a second time or to show cause why it should not be dismissed.  Dkt. 34.

REPORT AND RECOMMENDATION - 2

that Defendants do not provide a baseball field, running track, a sufficient amount of telephones, an adequate diet, pens and paper, clean toilets, telephone books, uncensored books, and policies and procedures.  Dkt. 35, p. 4.  He seeks an injunction directing Defendants to provide these items.  *Id.*

### STANDARD OF REVIEW

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as for a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (1994).  A judgment on the pleadings should be granted "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Company, Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  In considering the motion, the court "must assume that the material facts as pleaded are true, and the inferences drawn from these facts are construed in favor of the party opposing the motion."  *Ludahl*, 869 F. Supp. at 826.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

REPORT AND RECOMMENDATION - 3

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Two working principles underlie the Supreme Court's decision in *Bell Atlantic*; first, the tenant that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555). Second, determining whether a complaint states a plausible claim is context-specific, requiring the viewing court to draw on its own experience and common sense. *Id*. (citing *Twombly*, 550 U.S. at 556). A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-

REPORT AND RECOMMENDATION - 4

1    pleaded factual allegations, a court should assume their veracity and then determine whether they

2    plausibly give rise to an entitlement to relief.  *Iqbal*, 129 S.C. at 1948-51.

3                                        **DISCUSSION**

4    **A.    Personal Participation**

5            As noted above, the causation requirement of § 1983 is satisfied only if a plaintiff

6    demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or

7    omitted to perform an act which he was legally required to do that caused the alleged

8    deprivation.  *Arnold*, 637 F.2d at 1355.   Mr. Carver was granted leave to amend his complaint to

9    assert specific facts as to the individual participation of each named defendant in the violation of

10   his rights.  *See,* Dkt. 27, p. 10; Dkt. 32, p. 2.  In his Amended Complaint, however, Mr. Carter

11   does not allege any specific factual allegations demonstrating how any named defendant violated

12   his rights.  He alleges only that the SCC is "under defendants' supervision."  Dkt. 35, p. 3.

13   However, supervisory personnel are generally not liable under § 1983 for the actions of their

14   employees.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that there is no

15   respondeat superior liability under § 1983).   A supervisor is only liable for the constitutional

16   violations of subordinates if the supervisor participated in or directed the violations.  *See id.*

17   Knowledge and acquiescence in a subordinate's unconstitutional conduct is insufficient;

18   government officials, regardless of their title, can only be held liable under § 1983 for his or her

19   own conduct and not the conduct of others.  *See Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct.

20   1937, 1949, 173 L.Ed.2d 868 (2009).  When a defendant holds a supervisory position, the causal

21   link between such defendant and the claimed constitutional violation must be specifically

22   alleged.  See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d

23   438, 441 (9th Cir.1978).  Vague and conclusory allegations concerning the involvement of

REPORT AND RECOMMENDATION - 5

supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  *Iqbal*, 129 S.Ct. at 1948.

Mr. Carver also asserts that Defendants are constitutionally required to provide him with adequate care and treatment.  *Id.*  He states generally that he is not receive adequate treatment but includes no factual allegations explaining why the treatment is inadequate or which defendant is responsible for the inadequate treatment.  He alleges that he suffers under punitive conditions of confinement, but provides no facts demonstrating how his confinement is punitive and does not state which defendants allegedly contributed to these conditions.  Mr. Carver also makes assertions that SCC has failed to provide adequate recreational facilities because SCC does not have a baseball field or running track and that SCC is violation his liberty interests because it does not provide enough telephones, telephone books, uncensored books and an adequate diet.  There are no factual allegations supporting these bald assertions and no explanation of how any of the named defendants personally participated in any deprivation of his rights.

The allegations in Mr. Carver's complaint are merely "naked assertion[s]" of illegal conduct devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 557.  Mr. Carver was given two opportunities to amend his complaint to include factual allegations demonstrating how each named defendant has violated his constitutional rights.  He has failed to do so and his complaint should be dismissed.

**B.      Eleventh Amendment Immunity**

Absent a waiver of sovereign immunity, neither states nor state officials in their official

capacities are subject to suit in federal court under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  The limited exception to this rule is found in *Ex Parte: Edward T. Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  In *Young*, the court held that if the suit involves an injunction seeking a prospective remedy for a continuing violation of federal law, a federal court may enjoin state officials from continuing such activities.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (citing *Young*).

Mr. Carter states that he is suing Defendants in their individual and official capacities. Dkt. 35, p. 3.  Although it appears that Mr. Carver is requesting only injunctive relief, Defendants are correct that any damage claims against Defendants in their official capacities must be dismissed.  Moreover, to the extent Mr. Carver claims a right to injunctive relief that might fall within the exception set forth in *Young*, those claims fail because Mr. Carver's claims do not rise to the level of a constitutional violation.

**C.    Leave to Amend**

When dismissing a case for failure to state a claim, the district court "should grant leave to amend even if no request to amend the pleading was made, *unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts*."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)) (emphasis added).  Where amendment of the complaint would be futile, leave to amend need not be provided even under the liberal construction of *pro se* pleadings.  *Lopez*, 203 F.3d at 1128; *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir. 2004).  The Ninth Circuit has suggested that the leave to amend is intended to provide an opportunity to cure "technical defects," and has emphasized that "[c]ourts are not required to grant leave to amend if a

REPORT AND RECOMMENDATION - 7

1   complaint lacks merit entirely." *Lopez*, 203 F.3d at 1129.  Thus, if there is a clear legal or factual

2   bar to the plaintiff's claims that cannot be overcome by additional facts, leave to amend need not

3   be granted.

4       The court twice advised Mr. Carver as to deficiencies in his pleading and twice granted

5   Mr. Carter leave to amend his complaint to state a cognizable claim.  His repeated failure to

6   comply demonstrates that further amendment is futile.

7                                    **CONCLUSION**

8

9       The undersigned finds that Mr. Carver has failed to state a cognizable claim of a

10  constitutional violation of his civil rights under 42 U.S.C. § 1983 and therefore, Defendants'

11  motion for judgment on the pleadings should be granted.  Because Mr. Carver has twice been

12  granted leave to amend, further amendment is futile.  Therefore, this case should be dismissed

13  with prejudice without leave to amend.

14      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

15  Procedure, the parties shall have fourteen (14) days from service of this Report and

16  Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

17  will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

18  (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

19  matter for consideration on **September 10, 2010**, as noted in the caption.

20      DATED this  16th  day of August, 2010.

21

22

23

24                              Karen L. Strombom

25                              United States Magistrate Judge

26

REPORT AND RECOMMENDATION - 8